**In re STAGE I LAND COMPANY, a Minnesota Limited Partnership, f/d/b/a Cedar Riverside West, Debtor.**

**In re F BUILDING LAND COMPANY, a Minnesota General Partnership, Debtor.**

**Bankruptcy Nos. 3–85–3185, 3–85–3186.**

United States Bankruptcy Court, D. Minnesota, Third Division.

April 1, 1986.

On Motions for Reconsideration and Stay April 25, 1986.

James Baillie Minneapolis, Minn., for debtor.

Mary Carlson, Asst. U.S. Atty., Minneapolis, Minn., for Dept. of Housing and Urban Development.

DENNIS D. O'BRIEN, Bankruptcy Judge.

These cases came on for hearing on March 17, 1986, on motions by the United States of America on behalf of the Department of Housing and Urban Development (HUD) for dismissal, and on motions by the Debtors for valuation of HUD's secured claims. Mary Carlson appeared on behalf of HUD, and James Baillie appeared on behalf of the Debtors. Based on the motions, arguments and briefs of counsel, and upon all the records and files herein, the Court being fully advised in the matter now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

The Debtors filed their petitions for relief under 11 U.S.C. Chapter 11 on December 30, 1985, approximately one hour before a scheduled mortgage foreclosure sale on their real estate pursuant to a final Decree of Foreclosure and Order of Sale entered by the Federal District Court, District of Minnesota, Honorable Robert G. Renner, in favor of HUD on November 13, 1985. The District Court found that there was due and owing HUD on several mortgages, as of May 1, 1985, $37,747,234.17 with daily interest accrual of approximately $6,670.00.

The District Court, by the Decree, found that HUD had a valid first lien on the subject property, ordered summary judgment for HUD in its foreclosure action,[1] and further ordered that:

C. That unless, within three days from the date of the entry of this decree, there shall be paid to the plaintiff the respective sums, with interest thereon and for the uses and benefits mentioned in Paragraphs 4(a) and 4(b) [$37,747,234.17, plus accrued interest to date of payment] of this decree, the real estate hereinabove described together with all improvements thereon and appurtenances belonging thereto as more particularly described in the Mortgages, or so much thereof as may be necessary to pay the amounts found due, be sold at public venue to the highest and best bidder for cash, by the United States Marshal for the District of Minnesota.

---

1. The Decree, by its terms, foreclosed the mortgages. *See* paragraph 6 on page 4 of the Decree of Foreclosure and Order of Sale issued on November 13, 1985, by the Honorable Robert G.

Renner, United States District Judge, in *United States of America v. F Building Company, et al,* Civ. Nos. 3–84–1097 and 3–85–421.

The Decree also provided that any party to the action could purchase at foreclosure sale, and that HUD was entitled to bid at the sale a credit against its adjudged indebtedness and all interest thereon together with costs and expenses without tender of cash. Due to the nature of the HUD mortgage loans, no post-sale redemption period applies.

The Debtors failed to make the required payment within three days from the entry of the Decree and the sale was scheduled to be conducted by the United States Marshal on December 30, 1985. It was not held due to the imposition of the automatic stay pursuant to 11 U.S.C. § 362 upon the filing of the bankruptcy petitions.

The property subject to the Decree is worth substantially less than the adjudicated indebtedness against it in favor of HUD.[2] The Debtors argue that they have a right to attempt reorganization and to seek confirmation of a plan, based on the value of the property, that would alter the interests and rights of the parties fixed by the Federal District Court Decree. This Court does not agree.

The November 13, 1985, Decree was a final order that, when entered, foreclosed the HUD mortgages and determined the interests and rights of the parties in the foreclosed property, subject only to appeal. Upon the Debtors' failure to pay the amounts adjudged owing within the time set by the Decree, the Debtors had thereafter only possessory rights prior to sale and the right to purchase at the sale upon successful bid.[3]

No additional interest or rights in the property were acquired by the Debtors' estates upon the filing of their bankruptcy petitions. Generally, prepetition property of a debtor becomes property of a bankruptcy estate only to the extent of the debtor's prepetition interest in it.[4] See U.S.C. § 541(d). The bankruptcy estates in these cases acquired only the interests in the real property held by the Debtors prepetition, which are the interests adjudicated by the Federal District Court and fixed in the November 13, 1985, final Decree of Foreclosure and Order for Sale.

Accordingly, no reorganization is possible with respect to the estates' interests in the property since those interests are limited to possession prior to sale in foreclosure and the right to bid in at the sale.[5] No useful purpose would be served in continuing these cases in Chapter 11 because there exists nothing in either case capable of reorganization.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED:

1. The Debtors' motions for valuation of HUD's secured claims are denied.

2. HUD's motions to dismiss these cases is granted, and the same are hereby dismissed pursuant to 11 U.S.C. § 1112(b)(2).

## ON MOTIONS FOR RECONSIDERATION AND STAY

This matter came before the Court on April 21, 1986, on motions by the Debtors for reconsideration of this Court's Order of April 1, 1986, dismissing these cases, and for a stay of this Court's April 1, 1986, Order pending reconsideration and appeal. James Baillie and John Koneck appeared representing the Debtors. Mary Carlson appeared on behalf of HUD. Based upon

---

2. HUD claims that the value of the property is $20,000,000.00, while the Debtors claim it is worth only $12,000,000.00.

3. Paragraph I of the order portion of the Decree requires that the *Marshal* execute and deliver to the purchaser a good and sufficient deed of conveyance following confirmation of the sale. Thus, the Debtors no longer had, after the three-day grace period, even legal title to the property.

4. A bankruptcy trustee has certain avoiding powers, which if successfully pursued, can result in a greater interest of the estate in property than the debtor had prepetition. *See*, for example, 11 U.S.C. §§ 544, 545, 547 and 548. However, none of those powers are applicable here.

5. Reorganization would have been theoretically possible had the petitions in bankruptcy been filed prior to entry of the Decree of Foreclosure and Order of Sale.

the files, records and arguments of counsel, the Court made its findings of fact and conclusions of law on the record pursuant to Rule 52 of the Federal Rules of Civil Procedure and now makes this Order further explaining and clarifying those findings and conclusions pursuant to the Federal and Local Rules of Bankruptcy Procedure.

At the time the bankruptcy petitions were filed in these cases, the Debtors had, at best, the right to redeem the property foreclosed by the November 13, 1985, Federal District Court Decree of Foreclosure and Order of Sale, prior to the actual sale.[1] Assuming that the Debtors had rights of redemption at the time of the filings, those redemption rights became property of the respective bankruptcy estates. But the estates acquired no additional or more expansive rights or interests in the property. *See* 11 U.S.C. § 541(a) and (d).[2]

The Debtors' argument that they are entitled in bankruptcy to confirmation of a plan which would restructure the HUD debts and allow them to *retain* or *sell* the property ignores the reality of foreclosure and the nature of their resulting redemption interests. A right of redemption is essentially a right to exercise, within a prescribed period, a legally recognized option to purchase back that which was lost in foreclosure.

Accordingly, when the cases were filed, there was no debtor-creditor relationship between Stage I Land Company, F Building Land Company and HUD regarding the property foreclosed upon; and consequently, there was no HUD debt that could be restructured.[3] Furthermore, the Debtors had no interest in the property to *retain*. Their interests with respect to the property were merely rights to repurchase that which had already been lost.[4] A right of redemption cannot be transformed through the mere filing of a bankruptcy petition into a restructurable debt. It remains, after filing, a right without obligation, and it is either exercised or it is lost.

These estates have no real assets, except to the extent that the District Court Decree of Foreclosure and Order of Sale entered on November 13, 1985, can be interpreted as allowing redemption up to foreclosure sale. If so interpreted, then the estates possess rights of redemption in the proper-

1. Literal application of the District Court Order restricts redemption to three days following entry of the Order. Although the Debtors insist that the Decree did not foreclose the HUD mortgages, they acknowledge that, following entry of the Order, their redemption rights were limited to payment to HUD in full as determined by the Decree with no rights to reinstate the mortgages by curing outstanding defaults.

2. As indicated in this Court's opinion dismissing these cases, filed on April 1, 1986, a trustee has certain avoiding powers, but none of those are applicable regarding the property foreclosed.

3. Neither did there exist a debtor-creditor relationship between these parties regarding any anticipated deficiency since the mortgage indebtedness was non-recourse. The Debtors argue that, pursuant to 11 U.S.C. §§ 1123 and 1124, they have a right to cure the defaults and reinstate the mortgages. However, those sections pertain to claims. A claim is defined by 11 U.S.C. § 101(4) as a right to payment or a right to an equitable remedy for a breach of performance that gives rise to a right to payment. At the time that the petitions were filed in these cases, HUD had no right to payment, and it has no right to payment now. HUD may have an obligation to *accept* a payment in redemption, but it has only the right to bid the foreclosed mortgage amounts at the sale. Accordingly, HUD has no claim and §§ 1123 and 1124 are inapplicable.

4. The Debtors argue that they retained legal title to the property after the District Court Decree and that they held legal title at the time of the bankruptcy filings. This Court in its April 1, 1986, opinion dismissing the cases disagreed. While arguably it might be difficult to locate title with theoretical precision in any entity during the interim between a final decree of foreclosure and actual confirmation of the sale, the question of title is not material here. The important consideration is recognition of the Debtors' real interests regarding the property during the period. Those interests are not determined by *location of title*. If the Debtors continued to hold legal title after the Decree of Foreclosure entered on November 13, 1985, it was the barest of legal titles and was merely custodial. Their estates acquired no enhanced titles upon the filing of the bankruptcy petitions. *See* 11 U.S.C. § 541(a) and (d).

ty foreclosed. However, there exists nothing in the cases capable of reorganizing; there is no discernible benefit to any interests in the cases should they remain in bankruptcy; and this Court's Order of April 1, 1986, dismissing the cases was proper.[5]

IT IS ORDERED:

1. Debtors' motion for reconsideration is granted, but this Court declines to vacate its April 1, 1986, Order.

2. Debtors' motion for a stay pending reconsideration and appeal is denied.

---

[5]. The foreclosure sale, scheduled for December 30, 1985, was stayed by the filing of the petitions. To the extent that redemption rights existed on the date of filing, which was also the date of the scheduled sale, those rights were extended for 60 days by operation of 11 U.S.C. § 108(b). Application of that section appears to be the only discernible benefit available to the Debtors' estates in bankruptcy. Under circumstances of the cases, relief from stay would have been appropriate to allow a sale to be conducted after the 60 days expired without redemption.